UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
AASIM MCPHEE,
                Plaintiff,

v.

SGT. N. LAINO; STATE OF NEW YORK;
ILESHEMA THOMAS; CURTIS EGLOFF;
BRIAN COLLINS; LATANYA TAYLOR;
JACQUELINE WEBBER; BRENDAN
HABERIN; and MELISSA CUOMO,
                Defendants.
--------------------------------------------------------------x

**ORDER**

22 CV 10095 (VB)

11-16-23

Copies Mailed/Faxed 11/16/23
Chambers of Vincent L. Briccetti

      On July 5, 2023, plaintiff, proceeding pro se and in forma pauperis, filed a second amended complaint adding newly identified defendants, Corrections Officers Ileshema Thomas, Curtis Egloff, Brian Collins, Latanya Taylor, Jacqueline Webber, Brendan Haberin, and Melissa Cuomo. (Doc. #18).

      By Amended Order of Service dated July 6, 2023, the Court (i) summarized the relevant procedural history, (ii) instructed the Clerk to issue summonses and deliver to the U.S. Marshals Service all documents necessary to effect service upon the newly identified defendants, (iii) extended the Rule 4(m) deadline to ninety days after summonses were issued for these defendants, and (iv) stayed the time for all defendants to answer, move, or otherwise respond to the second amended complaint. (Doc. #21).

      On July 7, 2023, summonses were issued as to the newly identified defendants. (Doc. #22). Accordingly, the Rule 4(m) deadline to serve these defendants was October 5, 2023.

      As of September 21, 2023, return of service executed forms were docketed as to all defendants except Brendan Haberin and Latanya Taylor. (Docs. ##25–32). Therefore, in the interest of efficient case management, the Court ordered the New York State Attorney General's Office (the "Attorney General's Office") to (i) inform the Court whether it would accept service on behalf of defendants Haberin and Taylor, and (ii) if it would not accept service on their behalf, explain its reasoning and provide alternative addresses where these defendants may be served. (Doc. #36).

      On October 5, 2023, the Attorney General's Office filed a letter with the Court reporting it had been in contact with defendants Haberin and Taylor and it expected it would soon be able to facilitate service of these defendants. (Doc. #38). The letter also indicated that, after service was made on defendants Haberin and Taylor, the New York State Department of Corrections and Community Supervision ("DOCCS") would "proceed with the next steps in the representation process." (Doc. #38). By Order dated October 6, 2023, the Court (i) instructed the Attorney General's Office to file a further update, by October 19, 2023, regarding it efforts to facilitate

1

service of defendants Haberin and Taylor, and (ii) extended plaintiff's 4(m) deadline to serve the newly identified defendants to December 6, 2023. (Doc. #39).

On October 19, 2023, the Attorney General's Office filed a letter informing the Court that service may be made on defendants Haberin and Taylor at the DOCCS Office of Counsel. (Doc. #41). Accordingly, on October 24, 2023, the Court issued a Second Amended Order of Service (i) instructing the Clerk to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants, (ii) extending the deadline for plaintiff to serve the second amended complaint on these defendants to December 31, 2023, and (iii) continuing to stay the time for all defendants to answer, move, or otherwise respond to the second amended complaint. (Doc. #43).

The Court is now in receipt of a letter from plaintiff, dated November 1, 2023, with the subject line "Enlargement of time; from, Reply by NYS AG, forward 60 days; Gomberg/White Issue." (Doc. #44).

Although the Court struggles to interpret the precise relief plaintiff is seeking, in light of plaintiff's pro se status, the Court liberally construes plaintiff's letter as (i) seeking an additional 60 days to serve defendants Haberin and Taylor, (ii) requesting discovery of defendants' prior bad acts, if any, (iii) objecting to the Attorney General's Office jointly representing some or all of the defendants in this case, and (iv) suggesting defendants have committed various criminal offenses under New York state law.

To the extent plaintiff seeks an extension of the Rule 4(m) deadline to serve the newly named defendants, his request is DENIED. As plaintiff is proceeding pro se and in forma pauperis, he is entitled to rely on the Marshals Service to effect service on the defendants. In accordance with the Second Amended Order of Service, on October 27, 2023, the Clerk issued summonses as to defendants Haberin and Taylor and delivered to the Marshals Service all paperwork necessary to serve these defendants at the DOCCS Office of Counsel. (Doc. #43). The Court concludes there is sufficient time, before the expiration of the current Rule 4(m) deadline, for the Marshals Service to serve defendants Haberin and Taylor. **To be clear, plaintiff does not need to do anything to effect serve on these defendants**.

To the extent plaintiff seeks discovery of defendants' "prior specific criminal, vicious or immoral conduct," his request is DENIED. Once all defendants have been properly served and had an opportunity to answer, move, or otherwise respond to the second amended complaint, plaintiff will be permitted to request **relevant** documents and evidence during discovery.

Further, the Court is not aware of any legal authority permitting plaintiff to object to defendants' representation in this matter. People v. Gomberg, 38 N.Y.2d 307 (1975), is concerned with protecting criminal defendants from potential conflicts of interest raised by joint representation. It does not grant plaintiff a right to challenge defendants' choice of counsel in this civil matter.

Plaintiff is also advised his complaint alleges a civil claim for excessive use of force. Plaintiff has no private right of action to enforce the criminal statutes he cites.

Lastly, plaintiff's letter was addressed to the Pro Se Intake Unit for the U.S. District Court for the Western District of New York. Plaintiff is instructed to ensure he addresses all future correspondence to the Pro Se Intake Unit for the **Southern District of New York**, where this matter is pending.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: November 16, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge