UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
AASIM MCPHEE, :
               Plaintiff, :
v. :
                :    **ORDER OF PARTIAL DISMISSAL**
SGT N. LAINO; STATE OF NEW YORK; :
ILESHEMA THOMAS; CURTIS EGLOFF; :    22 CV 10095 (VB)
BRIAN COLLINS; LATANYA TAYLOR; :
JACQUELINE WEBBER; BRENDAN :
HABERIN; and MELISSA CUOMO, :
             Defendants. :
--------------------------------------------------------------x

Briccetti, J:

    Plaintiff Aasim McPhee, proceeding pro se and in forma pauperis, brings this Section 1983 action against defendants the State of New York, Sergeant Nicholas Laino, and Corrections Officers Brian Collins, Melissa Cuomo, Curtis Egloff, Brendan Haberin, Latanya Taylor, Ileshema Thomas, and Jacqueline Webber. Liberally construed, plaintiff alleges violations of his Fourth Amendment, Eighth Amendment, and First Amendment rights.

    Now pending is a motion to dismiss the second amended complaint as to the State of New York only, pursuant to Rules 12(b)(1) and 12(b)(6).[1] (Doc. #56). The other defendants have filed an answer.

---

[1] Although the State invokes both Rule 12(b)(1) and Rule 12(b)(6) in its motion, the State's only argument concerns the Eleventh Amendment. Therefore, the motion "is more appropriately characterized as a [motion for] dismissal under Rule 12(b)(1)" only, "as it [is] based on sovereign immunity." Morabito v. New York, 803 F. App'x 463, 465 n.2 (2d Cir. 2020) (summary order). However, "the distinction has no practical effect in this case because whether brought under either subdivision, the Court considers on this motion only the pleadings and the relevant [law] and has drawn all inferences in Plaintiff's favor." Crichlow v. Annucci, 2022 WL 6167135, at *6 (S.D.N.Y. Oct. 7, 2022).

    Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

1

For the reasons set forth below, the State's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff alleges that while he was incarcerated at Green Haven Correctional Facility in Stormville, New York, staff subjected him to a "brutal and sustained beating," during which he was "bound hand and foot" and pepper sprayed. (Doc. #20 ("Am. Compl.") at ECF 8).[2] According to plaintiff, he was then placed in the special housing unit and denied the opportunity to view and use certain evidence in a subsequent disciplinary hearing. Plaintiff also claims he was denied medical treatment for his injuries. He seeks money damage for various alleged injuries.

On July 5, 2023, plaintiff filed an amended complaint adding the State of New York as a defendant.[3] (Am. Compl. at ECF 1).

## DISCUSSION

I.  Standard of Review

"[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). The Court must dismiss an action, whether sua sponte or on a motion, if it determines it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); accord Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2009)

---

Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[2]  "ECF __" refers to page numbers automatically assigned by the Court's Electronic Filing System.

[3]  Although it is not entirely clear, plaintiff's hand-written caption could be read to name both the State of New York and NYS DOCCS as defendants. Insofar as plaintiff intended to sue the State and NYS DOCCS as separate defendants, for the reasons explained below, the Eleventh Amendment would preclude plaintiff's claims for damages against NYS DOCCS as well.

("[W]e have an independent obligation to consider the presence or absence of subject matter jurisdiction.").[4]

The Court must also liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). "Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." Clarkes v. L. Offs. of Michael G. Hughes, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018).

II.     Eleventh Amendment Immunity

The Court must dismiss plaintiff's claims against the State of New York. "[A]s a general rule, state governments may not be sued unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." Id. As relevant here, the State's immunity extends to state entities such as NYS DOCCS.

This immunity shields states from claims for money damages and other forms of prospective relief. See Green v. Mansour, 474 U.S. 64, 72–74 (1985). If a plaintiff's claims are

---

[4] The Prison Litigation Reform Act requires federal courts to dismiss a complaint, or any portion of such a complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a)(3); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Therefore, the Court need not permit a plaintiff to oppose a motion to dismiss when, as here, it is clear from the face of the complaint that the Court lacks subject matter jurisdiction over his claim. See, e.g., Voss v. United States, 360 F. App'x 239, 240 (2d Cir. 2010).

barred by the Eleventh Amendment, they must be dismissed for lack of subject-matter jurisdiction. Close v. State of New York, 125 F.3d 31, 38–39 (2d Cir. 1997).

"New York has not waived its immunity, nor has Congress abrogated it." Feng Li v. Lorenzo, 712 F. App'x 21, 22 (2d Cir. 2017) (summary order). The Eleventh Amendment therefore precludes plaintiff's claims for damages under Section 1983 against the State.

Accordingly, the Court dismisses plaintiff's claims against the State of New York.

## CONCLUSION

The State's motion to dismiss is GRANTED.

The Clerk is instructed to terminate the State of New York as a defendant on the docket.

Because the remaining defendants have answered, the case will proceed as to them. By separate Order, the Court will schedule an initial conference.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal taken from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order and all unpublished opinions cited herein to plaintiff at the address on the docket.

The Clerk is instructed to terminate the motion. (Doc. #56).

Dated: March 5, 2024
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge