UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
AASIM MCPHEE

                        Plaintiff,                    **ORDER**

     -against-                                 22 Civ. 10095 (VB) (AEK)

SGT. N. LAINO, *et al.*,

                        Defendants.
--------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      This order memorializes the issues addressed and the rulings made during the May 20, 2025 status conference before Judge Krause.

      1.      With respect to Plaintiff's demand for all video and audio footage from Green Haven Correctional Facility from 6:00 a.m. to 3:00 p.m. on October 3, 2022, *see* ECF No. 85 at 2-3, Defendants' counsel confirmed that there is no additional audio or video footage to be produced. Plaintiff asserted at the conference that at his disciplinary hearing regarding the October 3, 2022 incident, he viewed a video that was longer and more detailed than the video that has been produced in discovery. Defendants' counsel disputed Plaintiff's recollection, and offered to procure an affidavit or affidavits from one or more witnesses with knowledge of the disciplinary hearing and/or Green Haven's document retention practices. The Court did not order Defendants to provide any affidavits at this time. Instead, the Court made clear that Plaintiff's contentions regarding the completeness of the video of the October 3, 2022 incident that Defendants have produced, and any alleged failures to preserve evidence, would be addressed in future motion practice, and that a schedule for any potential motion for spoliation sanctions would be set at a later date.

      2.      Plaintiff asserted that at his video deposition in this case, there was a "blank screen"—in other words, an individual who attended the deposition, but did not give his or her name, and did not

appear on video. Defendants' counsel reviewed the transcript of the deposition during the conference and confirmed that no one other than Plaintiff, Defendants' counsel, and the court reporter is listed as having attended the conference. Defendants' counsel speculated that any "blank screen" may have been due to the attendance of a law student intern or administrative support staffer from the Office of the Attorney General. Defendants' counsel confirmed that no DOCCS personnel—including no personnel from DOCCS's Office of Special Investigations (OSI)—attended the deposition..

3. The Court directed Defendants' counsel to order a transcript of the May 20, 2025 status conference for delivery within 30 days, and to produce a copy of the transcript to Plaintiff once counsel has received it.

Due to logistical constraints at the correctional facility where Plaintiff is housed, the May 20, 2025 conference had to end before the Court was able to address all of the issues raised in the documents filed at ECF Nos. 85, 86, and 89. Because of the time necessary to coordinate court proceedings with the facility, and because of scheduling conflicts for the Court and for Defendants' counsel, the earliest available date to continue the conference is June 5, 2025. Accordingly, the matter was adjourned to **June 5, 2025 at 10:00 a.m.** for a continued telephonic status conference. To access the teleconference, please follow these directions: (1) dial the meeting number: 1-855-244-8681; (2) enter the access code: 2312 503 5451; and (3) press pound, followed by pound again (##) to enter the teleconference as a guest. Should any party experience any technical issues with the teleconferencing system, please contact Chambers at (914) 390-4070.

**Counsel for Defendants must make arrangements with the correctional facility to have the *pro se* Plaintiff available via telephone.**

  The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff.

The Clerk of Court is further respectfully directed to terminate the gavels at ECF Nos. 85 and 86.

Dated: May 20, 2025
    White Plains, New York

                 **SO ORDERED.**

                 _____
                 ANDREW E. KRAUSE
                 United States Magistrate Judge