UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

AASIM MCPHEE

                              Plaintiff,                   **ORDER**

         -against-                      22 Civ. 10095 (VB) (AEK)

SGT. N. LAINO, *et al.*,

                              Defendants.
---------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      This order memorializes the issues addressed and the rulings made during the June 5,

2025, status conference before Judge Krause.

      1.     With respect to Plaintiff's demand for records of disciplinary actions taken by

DOCCS against any of the eight Defendants, Defendants' counsel represented that based on a

review of their personnel files, there are no records of any disciplinary actions taken against five

of the Defendants.  For two of the Defendants, the only disciplinary actions taken against them

were unrelated to any "on the job" conduct within a prison facility, and for the final Defendant,

the only disciplinary action did not relate to any use of force or other interaction with an

incarcerated individual.  The Court ruled that Defendants were not required to produce any of

these disciplinary records, as they are not relevant to Plaintiff's claims within the meaning of

Rule 26(b)(1) of the Federal Rules of Civil Procedure.

      2.     With respect to Plaintiff's demand for records of any and all use of force and

unusual incident reports involving the Defendants, Defendants' counsel represented that there

were no instances where any of the Defendants were found to have engaged in an inappropriate

use of force against an incarcerated individual.  Counsel further explained that use of force and

unusual incident files that do not result in substantiated findings of misconduct are not maintained by the name of the individual DOCCS employee, and a search for such records would therefore be burdensome.  The Court ruled that Defendants were not required to search for or produce these records.

3.    With respect to the audio recording of Plaintiff's Tier III disciplinary proceeding conducted on October 13, 2022, Defendants' counsel indicated that he believed Plaintiff already had been provided access to the recording; Plaintiff insisted that he had never had an opportunity to listen to the recording.  The Court ordered Defendants' counsel to produce the audio recording and to make arrangements with the correctional facility where Plaintiff is incarcerated to provide an opportunity for Plaintiff to listen to it.

4.    With respect to the DOCCS Office of Special Investigations ("OSI") investigative file regarding the October 3, 2022 incident, Defendants' counsel indicated that Defendants' position is that while the final investigative report from OSI is subject to production to Plaintiff in discovery, there would be objections to producing copies of other records in the file.  As an interim measure, counsel offered to facilitate a meeting between Plaintiff and OSI personnel to inspect the entire file, and the Court ordered that such a meeting be arranged.  Whether there are valid objections to producing the records in the OSI file other than the final report will be determined, if necessary, at a later date once Plaintiff has reviewed the records and specified which of the other records he seeks to have produced.

5.    The Court ordered Defendants' counsel to file a status report by June 13, 2025, describing his efforts to provide Plaintiff with the Tier III disciplinary hearing audio recording and the OSI investigative file.

6.      At the May 20, 2025 conference, Defendants' counsel offered to procure an affidavit or affidavits from one or more witnesses with knowledge of the disciplinary hearing and/or Green Haven Correctional Facility's document retention practices in order to address the dispute regarding video and audio footage from the October 3, 2022 incident; the Court did not order counsel to provide any affidavits at that time.  *See* ECF No. 90.  Plaintiff raised this matter again and requested that Defendants' counsel be required to submit an affidavit or affidavits, along with copies of certain DOCCS directives, in advance of the conference currently scheduled to take place before Judge Briccetti on July 24, 2025.  In response to a question from the Court, Defendants' counsel again volunteered to produce an affidavit or affidavits to address this issue. Accordingly, the Court ordered Defendants to file and serve, by July 2, 2025, one or more sworn affidavits explaining the document and video retention practices at Green Haven Correctional Facility, and including as attachments, as relevant, any of the specific directives requested by Plaintiff.

7.      The Court directed Defendants' counsel to order a transcript of the June 5, 2025, status conference for delivery within 30 days, and to produce a copy of the transcript to Plaintiff once counsel has received it.

The matter was adjourned to **July 17, 2025, at 9:30 a.m.** for a telephonic status conference.  To access the teleconference, please follow these directions: (1) dial the meeting number: 1-855-244-8681; (2) enter the access code: 2312 503 5451; and (3) press pound, followed by pound again (##) to enter the teleconference as a guest.  Should any party experience any technical issues with the teleconferencing system, please contact Chambers at (914) 390-4070.

**Counsel for Defendants must make arrangements with the correctional facility to have the *pro se* Plaintiff available via telephone.**

The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff.

Dated: June 9, 2025
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge