```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AASIM MCPHEE

                           Plaintiff,            DECISION AND ORDER

         -against-                               22 Civ. 10095 (VB) (AEK)

SGT. N. LAINO, et al.,

                           Defendants.
-------------------------------------------------------------X
```

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

As discussed at the July 21, 2025 conference, *see* ECF No. 107 ¶ 1, the Court has conducted an *in camera* review of the OSI investigative file regarding the October 3, 2022 incident, and has considered the objections raised by counsel for Defendants, *see* ECF No. 108. Defendants' letter refers to "13 separate itemized parts" of the OSI file, and Defendants' objections are recited on an item-by-item basis. Accordingly, the Court will use the same numbering convention to refer to those items in this Decision and Order.

(1)     Item No. 1 is a letter dated February 20, 2024. Defendants do not state their position regarding this letter one way or the other. This item must be produced to Plaintiff.

(2)     Item No. 2 is titled "Case Closing (Final Report)"; it was prepared in February 2024. Defendants maintain that this document should be withheld in full because it contains "privileged communications, the disclosure of which would compromise security—revealing methods and practices involved in investigations." ECF No. 108 at 2. Defendants go on to say that the document demonstrates that "the OSI investigation is about more than the Incident—as it is rather about the way DOCCS conducts itself in a broader context." *Id.*

The Court is not persuaded that Item No. 2 should be withheld based on these objections. The report mostly consists of summaries and characterizations of witness statements and other materials, including a use of force report, photographic evidence, medical documentation, and video evidence, none of which immediately stand out as privileged or sensitive. While Defendants are correct that certain of these characterizations are or contain "hearsay," it is not clear why that should prohibit their disclosure during discovery, even if there may be limitations on the use of this document as evidence at trial. Indeed, other documents from the OSI file as to which Defendants do not object to production also include hearsay statements. *See, e.g.*, Item No. 6 at 10-12. Because Defendants provided a blanket objection to Item No. 2, it is not clear which portions of the report Defendants believe contain "privileged communications" or sensitive investigative "methods and practices." Based on the current submissions, the Court will order production of Item No. 2. If, however, in light of this ruling, there are specific, limited portions of this report that Defendants believe should be redacted based on their objections, Defendants may submit a proposed redacted version of Item No. 2 for further *in camera* review by August 15, 2025.

(3)     Item No. 3 is an email dated November 7, 2022. Defendants to not object to producing this item.

(4)     Item No. 4 is 11 pages of materials, including Plaintiff's inmate grievance complaint, computer printouts of a disciplinary incident summary and unusual incident report, and IGRC and Superintendent review documentation. Defendants to not object to producing this item.

(5)     Item No. 5 is 15 pages of materials, described in the electronic file name as the "Tier III Hearing Packet" for the October 3, 2022 incident. Item No. 5 also includes four audio

files. Defendants do not object to producing this item. As discussed at the July 21, 2025 conference—and as acknowledged by Plaintiff—Plaintiff will not be permitted to keep copies of these audio recordings in his cell. Production of these recordings will mean that copies of the recordings will be maintained at the facility where Plaintiff is incarcerated, and that he will be able to review them at his convenience, subject to the facility's rules and regulations regarding the review of such legal materials.

(6) Item No. 6 is 72 pages of materials, described in the electronic file name as [Unusual Incident] and Use of Force reports. This item also includes an "Inmate Misbehavior Report" from the October 3, 2022 incident, as well as photographs of Plaintiff. Defendants do not object to producing this item.

(7) Item No. 7 is 65 pages of materials, consisting of Plaintiff's medical records. Defendants do not object to producing this item.

(8) Item No. 8 is a video of Plaintiff's interview with the OSI regarding the October 3, 2022 incident—there is both a video file and a transcript of the interview. Defendants do not object to producing this item. The 25-page transcript must be produced directly to Plaintiff. Again, however, as discussed at the July 21, 2025 conference—and as acknowledged by Plaintiff—Plaintiff will not be permitted to keep a copy of this video recording in his cell. Production of this recording will mean that a copy of the recording will be maintained at the facility where Plaintiff is incarcerated, and that he will be able to review the video at his convenience, subject to the facility's rules and regulations regarding the review of such legal materials.

(9) Item No. 9 consists of two videos of the October 3, 2022 incident. Defendants do not object to producing this item. The production of these videos will be subject to the same limitations set forth above regarding Item No. 8.

(10) Item No. 10 is two short videos of Defendant Laino's interview with the OSI about the October 3, 2022 incident, including transcripts of those interviews, which are nine pages and six pages long, respectively. According to Defendants, the video and transcripts should be withheld because "the interview deployed strategies intended to yield truthful statements, not simply about the Incident, but about the overall conduct of DOCCS employees outside the context of the Incident." ECF No. 108 at 2. Defendants concede that "the facts of the Incident would not be privileged from disclosure," but insist that "the context in which Defendant Laino appeared, and the framing of both questions and answers are not entirely relevant to the issues in this case."

As an initial matter, when a portion of a document is relevant and a portion of a document arguably is not relevant, lack of relevance ordinarily is not a basis to withhold even the purportedly irrelevant portion of the document, let alone the entire document. *See Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) ("The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy.") (quotation marks omitted). And to the extent Defendants are asserting that the interview of Defendant Laino involved special investigative methods or techniques, the Court is hard pressed to understand which questions Defendants have in mind. The interview begins with routine questions about Defendant Laino's background, his schedule on the day of the incident, and his duties and responsibilities at Green Haven. When the interviewer turns to the subject matter of

4

the incident, the questions are similarly straightforward—Defendant Laino is asked about Plaintiff, his interactions with him on October 3, 2022, the involvement of other staff in the incident, and any prior interactions Defendant Laino might have had with Plaintiff. There are also various specific follow up questions based on some of Defendant Laino's answers. None of this seems novel or sensitive. Based on the current submissions, the Court will order production of Item No. 10 (subject to the limitations regarding videos as set forth in the discussions above of Item Nos. 8 and 9). If, however, in light of this ruling, there are specific, limited portions of the transcripts and videos that Defendants believe should be redacted based on their objections, Defendants may submit proposed redacted versions of the transcripts for further *in camera* review by August 15, 2025.[1]

(11)     Item No. 11 is a one-page document titled "Notification to Complainant of Closure of Investigation," dated February 10, 2024. Defendants do not object to producing this item.

(12)     Item No. 12 is a one-page document titled "Notification to DOCCS' Employee of Closure of Investigation," dated February 10, 2024. Defendants do not object to producing this item.

(13)     Item No. 13 is the "Case Master Report," a 12-page document that includes the "Case Closing (Final Report)" (*i.e.*, Item No. 2), along with various other individual documents that summarize the evidence collected in this investigation. Defendants assert the exact same objections to the production of this item as they assert regarding Item No. 2. The Court's assessment of this document is the same as its assessment of Item No. 2—that is, the Court is not

---

[1] If Defendants propose any redactions to these transcripts and if the Court approves any such redactions, the Court will separately address how to handle the video portion of Item No. 10.

persuaded that Item No. 13 should be withheld based on these objections. Again, the report mostly consists of summaries and characterizations of witness statements and other documentation, none of which immediately stand out as privileged or sensitive. Because Defendants provided a blanket objection to Item No. 13, it is not clear which portions of the report Defendants believe contain "privileged communications" or sensitive investigative "methods and practices." Based on the current submissions, the Court will order production of Item No. 13. If, however, in light of this ruling, there are specific, limited portions of this report that Defendants believe should be redacted based on their objections, Defendants may submit a proposed redacted version of Item No. 13 for further *in camera* review by August 15, 2025.

* * * * * * * * * *

In summary, the only items for which there are any objections to production are Item Nos. 2, 10, and 13. For the reasons set forth above, the Court is not persuaded that those items should be withheld—and certainly not in full—based on the blanket objections asserted by Defendants. If Defendants wish to submit versions of Item Nos. 2, 10, and 13 with proposed narrowly tailored redactions, the Court will consider such proposals, along with any supplemental argument regarding those redactions that Defendants may choose to submit. Those submissions must be made by August 15, 2025.[2] If Defendants elect not to litigate this matter

---

[2] In their objection letter, Defendants write: "Should the Court direct that any part of the OSI file be produced to Plaintiff, Defendants request that, before such production, they be permitted to redact any files as appropriate." ECF No. 108 at 2. The Court's understanding is that this sentence pertains only to Items 2, 10, and 13, and that Defendants do not propose to offer any redactions to the items for which they had no objection to production. To be clear, if Defendants propose to redact information from any portion of the OSI file regarding the October 3, 2022 incident, those proposed redaction must be submitted for the Court's review by August 15, 2025.

further and are prepared to produce the OSI file (including Item Nos. 2, 10, and 13) in full, they must submit a letter confirming this by August 15, 2025.

To avoid confusion, Defendants are not required to make an immediate piecemeal production of the OSI file regarding the October 3, 2022 incident.  Rather, Defendants should wait until the Court has made any final rulings regarding any proposed redacted versions of the documents in Item Nos. 2, 10, and 13, and once that process is complete, should make a single production of all of those items from the OSI file that have been ordered to be produced.

The Clerk of Court is directed to mail a copy of this Decision and Order to the *pro se* Plaintiff.

Dated: August 11, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge